ST. PAUL, J.
 

 Michel Bourgeois, as contractor, -undertook to construct a building for the People’s Homestead Ass’n, as owner; and the New Amsterdam Casualty Company - .became surety for the contractor. When the building was completed, it was found that there were bona fide liens filed- against it to the amount of $6,911.14, with only $4,240 still due the contractor by the owner; that is, the claims against the building exceeded the amount due the contractor' by $2,671.49.
 

 Thereupon these concursus proceedings were inaugurated by a lienholder; but all is-' sues involved below have now been settled except the one question as to the quantum of attorney’s fees which the contractor and! his surety owe the Homestead Association under the contract between them.
 

 I.
 

 That contract contains two clauses on the subject of attorney’s fees, as follows:
 

 The first clause reads:
 

 “I [the contractor] further agree that I will pay and reimburse to you all and any reasonable attorney’s fees, which may be paid or incurred by you, growing out of or caused by this contract, whether in defense of any suits or garnishment proceedings against me or any of my workmen or subcontractors, or furnishers of material, or against your association, or in the prosecution of any suit or suits against me and any and all of my -workmen, subcontractors, materialmen or sureties, in concurso, or otherwise.”
 

 And the other clause reads as follows:
 

 “If on account of any question or matter arising under this contract or the execution thereof, or of any act or proceeding on my [the contractor’s] part, or of any concursus proceedings, or of any bankruptcy proceedings, the association shall deem it necessary to place such question, matter or proceedings in the hanc(s of an attorney at law for settlement, compromise or legal proceedings, then I agree and contract ,to pay and satisfy the fees of the attorney at law employed by, or acting for the association, which fees shall not be less than ten per cent, of the amount involved.”
 

 II.
 

 From the foregoing it will be observed that, despite the difference in verbiage, these two clauses mean exactly the same thing, to wit, that, in case the association finds it necessary to employ an attorney at law in connection with any controversy growing out of the contract or the execution thereof, the contractor (and his surety)' binds himself to pay the fees of the attorney so employed.
 

 Now the first clause says that such attor
 
 *551
 
 ney’s fees shall be “reasonable,” and the second clause says they shall be “not less than than ten per cent, of the amount involved.”
 

 But unless we are prepared to say that any attorney’s fee in excess of 10 per cent, of the amount involved is
 
 not
 
 “reasonable” (and we are
 
 not
 
 prepared to say so), it is clear that the two clauses of the contract can be reconciled'; for taken together they mean this, that the attorney’s fees'Shall be reasonable but not less than 10 per cent, of the amount involved].
 

 In other words, the contract provides that the attorney’s fees in such cases shall be not less than 10 per cent, of the amount involved, but may be as much greater as seems reasonable to the court under the circumstances of each case. But of course a court would not be justified in allowing more than 10 per cent, unless the value of such services were clearly shown to be more.
 

 III.
 

 We ai-e therefore of the opinion that the association is entitled to a fee of 10 per cent, of the amount involved.
 

 But the amount involved in any controversy is the bona fide difference between the parties to the litigation, and is measured by the amount of money which would be required to adjust that difference.
 

 In this case exactly $2,671.49 would have sufficed to settle all the bona fidie claims of all parties, and hence all the bona fide difference between the association and the contractor (and his surety). And 10 per cent, of that amount is $267.14.
 

 Decree.
 

 The judgment appealed from is therefore amended by increasing the amount allowed as attorney’s fees, to the People’s Homestead Association against Michel Bourgeois and the New Amsterdam Casualty Company, from $50 to $267.14; and as thus amended said judgment is affirmed at the cost of said Michel Bourgeois and said New Amsterdam Casualty Company in both courts.